NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000475
31-DEC-2012
08:06 AM**

NO. CAAP-11-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CYNTHIA MARCUS, Individually and as
Trustee of the Marcus Family Trust,
under trust indenture dated November 30, 1992,
Plaintiff-Appellant,
v.
CENTEX HOMES dba CENTEX DESTINATION PROPERTIES,
TONY PINKERT, JES FOSTER,
Defendants-Appellees
and
JOHN DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0865)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiff-Appellant Cynthia Marcus (Marcus) appeals from the (1) January 19, 2011 "Order Granting Defendant Centex Homes dba Centex Destination Properties' Motion for Summary Judgment," (2) January 19, 2011 Judgment, (3) May 10, 2011 "Order Denying Plaintiff's Motion for Reconsideration filed February 1, 2011," (4) May 10, 2011 "Order Granting Defendant Centex Homes

dba Centex Destination Properties' Motion for Attorneys' Fees and Costs filed February 2, 2011," and (5) May 10, 2011 First Amended Judgment, all entered in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendant-Appellee Centex Homes dba Centex Destination Properties (Centex) and against Marcus.

On appeal, Marcus contends the circuit court erred when it:

(1) granted Centex's motion for summary judgment despite the existence of a genuine issue of material fact;

(2) failed to consider the new evidence Marcus presented and denied her motion for reconsideration; and

(3) awarded Centex attorney's fees despite the equitable nature of the action.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

(1) Marcus contends the circuit court erred in granting summary judgment despite the "undisputed" fact that Marcus's condominium is 100 square feet smaller than represented by Centex in their Sales Contract (Contract).

Granting or denying of a motion for summary judgment is pursuant to the following standard:

---

[1]   The Honorable Sabrina S. McKenna presided over the initial proceedings before the case was transferred to the Honorable R. Mark Browning on May 3, 2010. The Honorable R. Mark Browning presided over the motion for summary judgement and entered the subsequent Order and Judgment. The Honorable Edwin C. Nacino presided over the motion for reconsideration and entered the subsequent order.

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Querubin v. Thomas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (citations omitted).

Centex based its motion for summary judgment on two points: Marcus obtained erroneous measurements of her condominium; and, when measured correctly, the condominium meets the specifications of the Contract. In support of its point that Marcus obtained erroneous measurements, Centex produced the following evidence. In his deposition, Marcus's inspector testified that Marcus requested a measurement of her living space to ensure adequate space for her furniture. In compliance with her request, the inspector provided a "rough measurement" of the living space by calculating the area of each room and adding the figures for a total. The inspector testified he was inexperienced with measuring square footage and had a lack of familiarity with the norms and procedures for calculating square footage.

Centex produced evidence to show that the condominium met the specifications provided in the Contract. Centex presented a "Condominium Public Report" (Report), checked off as "Final", for Kolea Condominium Building No. 14. The Report was dated July 1, 2005 and a receipt showed Marcus received a copy on July 19, 2005. The Report specified the method used in calculating the square footage for apartments in the Kolea

3

complex as "measured from the interior surface of the apartment perimeter walls." Centex produced a survey map prepared by a licensed professional land surveyor showing the condominium at 1264.1 square feet of net living space. The survey map depicted the "overall interior dimensions" measured from the interior surface of the perimeter walls as prescribed by the Report. The Contract listed the square footage of the net living area as "1270 sq. ft., approximately."

When a party opposes a motion for summary judgment, the non-moving party "cannot discharge his or her burden by alleging conclusions, nor is he or she entitled to a trial on the basis of a hope that he can produce some evidence at that time." Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 301, 172 P.3d 1021, 1045 (citation and emphasis omitted). Marcus failed to adduce evidence that any genuine issues of material fact remain to be resolved in this dispute. To support her contention that a genuine issue of material fact remains unresolved, Marcus provided her own declaration and a report from the same home inspector, whose own deposition testimony established that he provided only a rough estimate and his methods of measuring the square footage of the unit was not subject to any recognized standards and did not conform to the method of measurement set out in the Report.

Though Marcus contends the discrepancy in square footage calculations presents an unresolved issue of material fact, Centex established that the condominium met the specifications provided in the Contract and that any alleged discrepancy is due to the unreliability of the measurement by Marcus's expert. Therefore, the circuit court did not err in

4

granting Centex's motion for summary judgment where Marcus failed to show any unresolved genuine issue of material fact.

(2) Marcus contends the circuit court abused its discretion in denying her motion for reconsideration. "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). A motion for reconsideration is not an opportunity to relitigate adjudicated issues with evidence that could have been presented during prior proceedings. Cho v. State, 115 Hawai'i 373, 384, 168 P.3d 17, 28 (2007) (citing Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000)).

Marcus did not present any new evidence or new arguments that could not have been presented in the earlier proceedings. Therefore, the circuit court did not abuse its discretion in denying Marcus's motion for reconsideration.

(3) Marcus contends the circuit court improperly awarded attorney's fees based on assumpsit. Actions based on assumpsit allow for the recovery of damages arising from contract claims. Leslie v. Estate of Tavares, 93 Hawai'i 1, 5, 994 P.2d 1047, 1051 (2000). The nature of the action is ascertained through factual allegations in the complaint and the relief sought. Id. In her complaint, Marcus alleged Centex breached the Contract and sought an award of damages, in the nature of assumpsit. Therefore, the circuit court did not abuse its discretion in awarding attorney's fees based on assumpsit.

5

Therefore,

IT IS HEREBY ORDERED that the (1) January 19, 2011 "Order Granting Defendant Centex Homes dba Centex Destination Properties' Motion for Summary Judgment," (2) January 19, 2011 Judgment, (3) May 10, 2011 "Order Denying Plaintiff's Motion for Reconsideration filed February 1, 2011," (4) May 10, 2011 "Order Granting Defendant Centex Homes dba Centex Destination Properties' Motion for Attorneys' Fees and Costs filed February 2, 2011," and (5) May 10, 2011 First Amended Judgment, all entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, December 31, 2012.

On the briefs:

Carl H. Osaki
for Plaintiff-Appellant.

Kenneth K. Fukunaga
Sheree Kon-Herrera
(Fukunaga Matayoshi Hershey & Ching)
for Defendant-Appellee Centex Homes dba Centex Destination Properties.

Chief Judge

Associate Judge

Associate Judge

6